No. 30,860.

MARY RANEY, *Appellant*, v. E. C. MOONEY, V. H. BALLANGER and C. W. THORNTON, *Appellees*.

(18 P. 2d 133.)

Opinion filed January 28, 1933.

*A. L. Billings,* of Independence, for the appellant.

*W. N. Banks, O. L. O'Brien* and *Walter L. McVey,* all of Independence, for the appellees.

The opinion of the court was delivered by

HARVEY, J.: This is an action in replevin for an autotruck, predicated on a title note given for part of the purchase price. The defense was that the note had been paid. The jury found for defendants. Plaintiff has appealed.

On January 2, 1930, R. J. Salisbury, doing business as the Independence Reo Company, sold E. C. Mooney a truck. In part payment therefor Mooney executed to the Independence Reo Company his note for $370 with interest at eight per cent from date, payable in installments, the first payable July 26, 1930, and the last January 1, 1931. By the terms of this note title remained in the payee until all payments were made. Plaintiff alleged that on January 9, 1930, Salisbury indorsed the note and delivered it to her as security for money she advanced to Salisbury. On February 15, 1930, Mooney paid Salisbury $16 to apply on the note and took a receipt therefor. The note was filed with the register of deeds May 23, 1930, at which time it bore the indorsement, "Independence Reo Company by R. J. Salisbury, Mgr. Credit $16 Feb. 15-30." There was nothing on the note or in the indorsement to show to whom the note was assigned, if to anyone. It is not contended the note is a negotiable instru-

ment under our statutes defining such instruments. On June 13, 1930, Mooney, who in the meantime had put a second mortgage on the truck, sold it to the defendants Ballanger and Thornton, they taking it subject to the second mortgage and they and Mooney agreeing that the balance of the purchase price to Salisbury should be paid. As a part of the purchase price they paid Mooney $400 in cash. Mooney went to Salisbury and asked what it would take to pay in full the balance of the note he had given for part of the purchase price of the truck. Salisbury replied that if he would pay the note in full there would be no interest charge. Mooney paid Salisbury $354 and took his receipt therefor, which acknowledged full payment of the note. The evidence disclosed that plaintiff's sister, Mrs. Bunn, acted as agent for the plaintiff in her business transactions with Salisbury. There is evidence on plaintiff's behalf that at the time Mooney paid Salisbury the balance due on the note he stated that Mrs. Bunn was holding the note and he would get it from her; that in a few minutes after the payment was made at the garage Mrs. Bunn came there and Salisbury talked to her and gave her the money, and she said she would go to her home and get the note and bring it there for delivery to Mooney. It is not seriously contended that either Mooney or Ballanger and Thornton had any actual knowledge prior to the time of payment that Salisbury had assigned this note, or if he had assigned it, to whom.

It is true there was a conflict of evidence as to whether this money when paid to Salisbury was in fact paid to Mrs. Bunn for plaintiff, but that conflict was determined in favor of defendants by the verdict of the jury, which has been approved by the trial court. That is about all there is in this lawsuit.

Appellant complains of two instructions of the court. From the abstract before us we are unable to see that there is anything wrong with these instructions. Appellant complains of the ruling of the court on the admission of evidence, but these complaints have no substantial merit. Appellant contends the court erred in not granting a motion for a new trial, particularly on the ground of newly discovered evidence. The newly discovered evidence, in addition to being purely cumulative, was not otherwise of such a character as to make it likely that a different result would have been reached on a new trial. There was therefore no error in the ruling.

The judgment of the court below is affirmed.

THIELE, J., not participating.